IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTONIO G. REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-cv-541-DRH |
| | ) | |
| ANTHONY RAMOS, B. THOMAS | ) | |
| and J. BAUERSACHS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**DISCIPLINARY PROCEEDING**

In April 2005, Defendant Thomas escorted Plaintiff to the shower area so that Plaintiff could provide him with a urine sample for drug testing. Plaintiff did as instructed, then informed Thomas that the results were negative. Thomas took the test cup from him, examined it himself, and declared that the results were positive. Thomas showed the cup to Defendant Bauersachs, who claimed he could not see anything. Plaintiff subsequently received a disciplinary ticket for testing positive for cocaine use.

At the disciplinary hearing, Defendant Ramos disregarded his defense and refused to produce the original test cup. Plaintiff was found guilty and punished with six months in C-grade, six months in segregation, six months loss of contact visits and commissary privilege, and the revocation of three months of good conduct credit.

The instant claim is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation.

> When a state official violates the Constitution in his treatment of a state prisoner, his illegal conduct can, at least in theory, give rise to claims for monetary or declaratory relief under § 1983 and to claims for habeas corpus relief under § 2254. Although these statutes provide distinct avenues for relief, claims brought under § 1983 are not always independent of claims that have been brought or could be brought under § 2254. Proving official misconduct for the purposes of § 1983 can often – but not always – involve the same factual issues that would be relevant in a potential claim under § 2254. This intersection between claims under §§ 1983 and 2254 can sometimes implicate the fundamental principles controlling federal jurisdiction generally, and habeas corpus jurisdiction in particular. According to these principles, the federal courts will not hear a state prisoner's § 2254 claims against a state official until the courts of that state have had the opportunity to identify and remedy any official misconduct. These principles of deference and reticence that guide the federal courts similarly prevent the district courts from considering any issues that *could be cognizable* in a § 2254 claim until the state

> prisoner has exhausted his state court remedies. If claims under statutes besides § 2254 could be used as instruments to decide issues that would be cognizable in a potential § 2254 action, the pursuit of such claims could promote the evasion of the exhaustion requirement for § 2254. Consequently, a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under § 2254. A decision on a § 1983 claim brought in this posture would create situations in which a federal court would make an initial, and perhaps a preclusive, ruling on an issue that should first be addressed by state courts.
>
> But this limitation applies only if the preclusive effect of a § 1983 judgment is certain. If resolution of the issue in federal court would not *necessarily* undermine the state court's ability to make an independent determination of issues cognizable in habeas corpus, then that issue is cognizable under § 1983, regardless of whether a state court has ruled on that issue.

*Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996), *citing Heck v. Humphrey*, 512 U.S. 477, 487 n. 7 (1994). *See generally Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997).

> This determination [of which claims are cognizable strictly under § 1983 and which raise issues cognizable in habeas corpus] depends upon identifying the injuries involved in each of [plaintiff's] claims. As the Supreme Court has recently indicated, the injury alleged in a claim – and not the relief sought in the claim – determines whether a claim implicates issues cognizable in habeas corpus. . . . If the proof of any of those injuries involves the proof of a fact that would also be essential to a habeas corpus action, then the claim that depends upon proof of that injury implicates habeas corpus.

*Clayton-EL*, 96 F.3d at 242 (citations omitted). *See generally Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1246-48 (2005).

In the instant case Plaintiff is challenging the validity and accuracy of the urine test. Proof of such a claim could invalidate the disciplinary proceeding, which in turn would invalidate Plaintiff's punishment of the revocation of three months of good time credit. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has

exhausted his remedies through the Illinois state courts. *See, e.g., Heck*, 512 U.S. at 480-81. The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.* to consider the merits of Plaintiff's claim. Therefore, this claim is dismissed from this action without prejudice to Plaintiff raising his claims in habeas corpus, but only after he as exhausted his state court remedies.

**CONDITIONS OF CONFINEMENT**

Following the disciplinary hearing, Plaintiff was transferred to the segregation unit. He alleges, first, that other inmates would "constantly yell, bang and scream into the night." Thus, for the six months he was in segregation, he was deprived of sleep on a consistent basis. Such allegations present a viable constitutional claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996); *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988) (infliction of incessant noise, even if it causes only agony and not enduring injury, may be a due process violation).

Plaintiff also alleges that from April through July, his segregation cell did not have cold running water. He and his cell mate complained to Ramos and others, but the plumbing was not fixed. He further alleges that in order to have cold water, they resorted to drinking water from the toilet bowl, which caused him to become ill.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized

measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is subjective – establishing a defendant's culpable state of mind. *Id.*

Although tenuous, the allegations in the complaint present a viable Eighth Amendment claim against Ramos regarding both the noise and the lack of cold water.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's due process claim is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendants **THOMAS** and **BAUERSACHS** are **DISMISSED** from this action with prejudice. Dismissal of these defendants and claims constitutes one of Plaintiff's three allotted strikes. 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **RAMOS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **RAMOS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: October 15, 2008.**

/s/      DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**