# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO G. REYES, | ) |
|       Plaintiff, | ) ) ) |
| vs. | )   CIVIL NO. 07-cv-541-DRH |
| ANTHONY RAMOS, et al., | ) ) ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This action is before the Court to rule on Plaintiff's motion for relief from judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d

In this motion, Plaintiff claims that the Court should not have dismissed his due process claim regarding the disciplinary incident. This argument does not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   February 17, 2009.**

/s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**